IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| BETHNEY NICOLE LOVO and HUMBERTO LOVO, <br><br> Plaintiffs, <br><br> v. <br><br> LOREN MILLER, Nebraska Service Center Director, U.S. Citizenship and Immigration Services, and UR MENDOZA JADDOU, Director, U.S. Citizenship and Immigration Services, <br><br> Defendants. | Civil Action No. 5:22-cv-00067 <br><br> By: Elizabeth K. Dillon <br> United States District Judge |

**MEMORANDUM OPINION**

Plaintiffs Bethney and Humberto Lovo seek a writ of mandamus ordering the U.S. Citizenship and Immigration Services (USCIS) to decide Humberto Lovo's I-601A application within a reasonable time. (*See* Am. Compl., Dkt. No. 12; Mot. for Writ of Mandamus, Dkt. No. 2.) Defendants move to dismiss, arguing that the court lacks subject matter jurisdiction and, in the alternative, that plaintiffs fail to state a claim on which relief can be granted. (Dkt. No. 16.) Defendants' motion will be granted because the court lacks subject matter jurisdiction to adjudicate plaintiffs' claims.

I.  BACKGROUND

**A. Introduction**

Bethney Lovo is a United States citizen. She is married to Humberto Lovo and is the qualifying relative for her husband's Form I-601A application. Form I-601A is used for applicants who entered the United States illegally but who have immediate family members

(such as a parent or spouse) that are U.S. citizens or green card holders. Mr. Lovo submitted his Form I-601A on April 11, 2022. (Am. Compl. ¶ 29.)

Defendant Loren Miller is the Service Center Director of the Nebraska Service Center within USCIS, where Mr. Lovo's I-601A application is currently pending. Defendant Ur Jaddou is the Director of USCIS. She is responsible for overseeing all USCIS operations, including the adjudication of Form I-601A.

**B. Application for Unlawful Presence Waiver**

A visa applicant who has been unlawfully present in the United States for more than 180 days is inadmissible and will be barred from reentering the United States unless he or she obtains a waiver from USCIS, even if the immigrant visa would have been granted. *See* 8 U.S.C. §§ 1182(a)(9)(B)(ii), 1182(a)(9)(B)(i)(I)–(II). An applicant who leaves the United States and is inadmissible cannot be granted an immigrant visa unless the applicant obtains a waiver. 8 U.S.C. § 1201(g). The applicant may apply for a waiver of the unlawful presence by filing Form I-601A, Application for Provisional Unlawful Presence Waiver with USCIS. 8 U.S.C. § 1182(a)(9)(B)(v); 8 C.F.R. § 212.7(e)(3). If USCIS grants the waiver, the applicant will be allowed to obtain an immigrant visa and re-enter the United States as a permanent resident.

Between 2013 and 2018, USCIS had relatively low processing times for Form I-601A. Processing times started increasing in 2019. In 2022, the median processing time was 31.7 months; in 2023 to date, the median processing time is 35 months. *See* USCIS, Historical National Median Processing Time (in Months) for All USCIS Offices for Select Forms by Fiscal Year.[1]

---

[1] *See* https://egov.uscis.gov/processing-times/historic-pt (Fiscal Year 2018 to 2023 (up to March 31, 2023)).

### C. Humberto Lovo's Petitioning Process

Mr. Lovo is a native and citizen of El Salvador. His parents brought him to the United States when he was six years old. He speaks fluent English and has never left the United States. Mr. Lovo and his wife have a son and daughter and are homeowners. Lovo currently benefits from the Deferred Action for Childhood Arrivals (DACA) program. He is eligible to work, but he cannot travel without prior authorization from USCIS, which will only be approved for urgent humanitarian reasons.

Plaintiffs filed Form I-130, Petition for Alien Relative, with USCIS in 2018. The agency approved the application in 2019. The approval of Form I-130 means that USCIS found that the plaintiffs have a bona fide marriage but does not provide any immigration benefits by itself. Because Mr. Lovo's parents brought him to the United States unlawfully, he must leave the United States to complete the immigrant visa process at a U.S. embassy abroad. However, because he has been unlawfully present in the United States for more than 365 days, Mr. Lovo will be barred from returning to the United States for 10 years unless he first obtains a waiver. Plaintiffs therefore filed Form I-601A with USCIS on April 11, 2022.

USCIS has not requested any additional documents or information from the plaintiffs. Their application remains pending with USCIS.

### D. Claims in Federal Court

Plaintiffs filed this action on November 15, 2022, which was docketed as a complaint (Dkt. No. 1) and also docketed separately as a motion for writ of mandamus (Dkt. No. 2.), then they amended their complaint on March 3, 2023 (Dkt. No. 12). They bring claims pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 555, and the Mandamus Act, 28 U.S.C. §

1361. Plaintiffs seek an order requiring defendants to issue a decision on Mr. Lovo's I-601A Application within 30 days.

## II. ANALYSIS

### A. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal for lack of subject matter jurisdiction. When a defendant asserts that the plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction, the allegations in the complaint are assumed to be true under the same standard as in a Rule 12(b)(6) motion, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004). A court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co., Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1991). It is plaintiff's burden to establish the existence of subject matter jurisdiction. *Id.*

### B. Subject Matter Jurisdiction

Plaintiffs allege federal question jurisdiction pursuant to the APA and 28 U.S.C. § 1331. (Am. Compl. ¶ 1.) The APA authorizes suit by a "person suffering [a] legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702; *see Gonzalez v. Cuccinelli*, 985 F.3d 357, 365 (4th Cir. 2021) (citing 28 U.S.C. § 1331 as the basis for subject-matter jurisdiction over APA claims). "Agency action" is defined to include "the whole or a part of an agency rule, order, license, sanction,

4

relief, or the equivalent or denial thereof, or *failure to act*." 5 U.S.C. § 551(13) (emphasis added). The APA provides relief for a failure to act: "The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, the court's "authority to compel agency action that has been unlawfully withheld or unreasonably delayed has limits." *Gonzalez*, 985 F.3d at 365. Review under the APA is inapplicable where "statutes preclude judicial review," 5 U.S.C. § 701(a)(1), and when agency decisions are "committed to agency discretion," 5 U.S.C. § 701(a)(2).[2]

Defendants argue that judicial review is precluded by the following provision in the Immigration and Nationality Act (INA):

> The Attorney General has sole discretion to waive [the accrual of unlawful presence] in the case of an immigrant who is the spouse or son or daughter of a United States citizen or of an alien lawfully admitted for permanent residence, if it is established to the satisfaction of the Attorney General that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien. *No court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause.*

8 U.S.C. § 1182(a)(9)(B)(v) (emphasis added). Courts have held or observed that this language prohibits judicial review of a hardship waiver determination. *See, e.g.*, *Herrera-Castillo v. Holder*, 573 F.3d 1004, 1010 (10th Cir. 2009); *Texas v. United States*, 809 F.3d 134, 164 n.88 (5th Cir. 2015); *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 690 (9th Cir. 2003); *De Carreon v. Mukasey*, CASE NO. 08cv0501 DMS (POR), 2008 WL 11336922, at *2–3 (S.D. Cal. Oct. 28, 2008) (finding that the court is without subject matter jurisdiction to hear claims that the

---

[2] In addition to the APA, plaintiffs also cite the mandamus statute in support of jurisdiction. *See* 28 U.S.C. § 1361. When, as here, the court's mandamus jurisdiction is invoked "to compel action but not to direct the exercise of judgment or discretion, mandamus jurisdiction is coextensive with the remedies available under the APA. Courts apply the same principles and standards both to determine jurisdiction and to assess the merits of both claims." *Moreno v. Wolf*, 558 F. Supp. 3d 1357, 1361 (N.D. Ga. 2021). Therefore, the court can merge its analysis of plaintiffs' APA and mandamus claims. *See id.* at 1363–65 (discussing jurisdiction over APA claims where plaintiffs also invoked mandamus jurisdiction).

denial of a § 1182(a)(9)(B)(v) waiver was unlawful). As the court explained in *De Carreon*, "8 U.S.C. § 1182(a)(2)(B)(v) specifically precludes judicial review and vests DHS with sole authority to waive inadmissibility bars." 2008 WL 11336922, at *3. Moreover, 28 U.S.C. § 1331(a) does not permit review of agency action where it is otherwise precluded. *Id.* (citing *Califano v. Sanders*, 430 U.S. 99, 105 (1977)).

Plaintiffs argue that 8 U.S.C. § 1182(a)(9)(B)(v) does not preclude judicial review because they are requesting an order directing defendants to process their I-601A application, not a particular outcome on the application. In other words, plaintiffs ask the court to distinguish between USCIS having the discretion to either grant or deny a waiver and a non-discretionary duty to decide the waiver application. However, the failure or refusal to act on a waiver application, in and of itself, is "a decision or action . . . regarding a waiver . . ." § 1182(a)(9)(B)(v). A recent Supreme Court decision involving another jurisdiction-stripping provision in the INA confirms that this is the correct interpretation. *See Patel v. Garland*, 142 S. Ct. 1614 (2022). *Patel* dealt with 8 U.S.C. § 1252(a)(2)(B), which prohibits judicial review of "any judgment regarding the granting of relief" under various code sections. The *Patel* Court held that federal courts lack jurisdiction to review all decisions related to the denial of adjustment of status because § 1252(a)(2)(B) "does not restrict itself to certain kinds of decisions." 142 S. Ct. at 1622. This interpretation was in relation to the term "judgment" in § 1252(a)(2)(B), but it can be applied equally to the "decision or action" language in § 1182(a)(9)(B)(v). Further, the Court noted the use of the term "regarding," which "in a legal context generally has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject." *Id.* The provision at issue here also uses the term "regarding," as in "a decision or action . . . regarding a waiver under this clause," §

6

1182(a)(9)(B)(v).  Thus, § 1182(a)(9)(B)(v) applies to USCIS's decision or action to delay the processing of plaintiffs' I-601A application because that decision or action relates to plaintiffs' unlawful presence waiver.

Accordingly, the court concludes that judicial review of defendants' delay in processing plaintiffs' I-601A application is precluded by 8 U.S.C. § 1182(a)(9)(B)(v).

### III.  CONCLUSION

For the above-stated reasons, the court will issue an appropriate order granting defendants' motion to dismiss, dismissing plaintiffs' motion for a writ of mandamus without prejudice, and dismissing this action without prejudice for lack of subject matter jurisdiction.

Entered: May 18, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge